**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DOROTHY I. BAILEY,
Plaintiff-Appellant,

v.

No. 98-1501

UNIVERSITY OF NORTH CAROLINA; THE
NORTH CAROLINA AGRICULTURE &
TECHNICAL STATE UNIVERSITY,
Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Russell A. Eliason, Magistrate Judge.
(CA-96-962)

Submitted: October 13, 1998

Decided: November 23, 1998

Before WIDENER and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert V. Shaver, Jr., FLOYD & JACOBS, L.L.P., Greensboro,
North Carolina, for Appellant. Michael F. Easley, North Carolina
Attorney General, Sylvia Thibaut, Assistant Attorney General,
Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dorothy I. Bailey appeals from the magistrate judge's order granting the Defendants' motion for summary judgment on her complaint alleging employment discrimination.[1] Finding no reversible error, we affirm.

Bailey served as the Director of Student Activities at North Carolina Agricultural and Technical State University ("the University"), and she was responsible for several different areas, including the yearbook. In 1993, the University conducted an internal audit of Bailey's department, and the State Bureau of Investigation conducted an independent investigation. Both investigations were based on suspicions of embezzlement in one of the sections under Bailey's control. The internal investigation resulted in the discovery of unauthorized purchases, endorsement of checks, and expenditures and failure to properly receipt, safeguard, and deposit University funds by Bailey's office, and the State Bureau of Investigation issued indictments for embezzlement against Bailey and another employee ("Brown"). The charges against Bailey and Brown eventually were dismissed, although another employee under Bailey's supervision later admitted to embezzlement and was terminated. Shortly after the investigations were completed, Bailey was discharged, and Brown was suspended without pay for six months.

Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' burdens of proof at trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, we must assess the fac-

_____

[1] The parties consented to have their case tried before a magistrate judge pursuant to 28 U.S.C.A. § 636(c) (West 1993 & Supp. 1998).

2

tual evidence and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. See Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). We review a grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). In the present case, we find that the magistrate judge properly granted the Defendants' motion.

Since there was no direct evidence of discrimination, Bailey relied upon the proof scheme established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under McDonnell Douglas, Bailey must first make a prima facie showing of discrimination. Then the burden shifts to the University to articulate a legitimate, nondiscriminatory reason for its actions. If the University does so, the burden shifts back to Bailey to prove by a preponderance of the evidence that the legitimate reason offered by the University was merely a pretext for sexual discrimination. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-10 (1993) (applying McDonnell Douglas).

In the present case, the magistrate judge correctly concluded that Bailey made a prima facie showing of discrimination because she was a member of a protected class and because she alleged that Brown, who is male, was treated differently. The University responded by stating that Bailey was discharged because embezzlement and unauthorized financial activities occurred in her department, and she failed to prevent them. We agree with the magistrate judge's finding that this was a legitimate, nondiscriminatory reason for discharging Bailey. See Evans v. Technologies Applications & Servs. Co., 80 F.3d 954, 960 (4th Cir. 1996) (job performance is a valid basis for any adverse employment action).

Bailey concedes that the University offered a nondiscriminatory reason for discharging her. She alleges, however, that this reason was pretextual. Specifically, Bailey alleges that her supervisors were aware of the way she handled funds and gave their approval. She also alleges that Brown was similarly situated but treated differently. Bailey therefore alleges that there is a genuine issue of material fact concerning pretext which should have been presented to a jury. We disagree. While Bailey's allegations concerning her supervisors' knowledge and consent may raise a jury question about the veracity

3

of the reason given for her discharge, to survive summary judgment she must go further and show that the real reason for her discharge was illegal discrimination. See Vaughan v. Metrahealth Cos., Inc., 145 F.3d 197, 202 (4th Cir. 1998).

We find that Bailey has failed to meet this burden. Although Bailey claims Brown was similarly situated, the University submitted an affidavit from Bailey's supervisor stating that she was treated differently because she was in overall charge of the department, Brown was less involved in the unauthorized activities, and Brown was more cooperative during the investigations. Bailey further alleges that Brown was given a more lenient punishment because he did favors for people in the University. Even assuming this is true, favoring an employee because he ingratiates himself, while perhaps an unwise basis for making personnel decisions, does not amount to illegal discrimination.[2] Bailey simply failed to present any evidence, other than her own conclusory allegations, that she was discharged because of her gender.

We therefore affirm the magistrate judge's order. [3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[2] See Jiminez v. Mary Washington College, 57 F.3d 369, 383 (4th Cir. 1995) ("The crucial issue in a Title VII action is an unlawfully discriminatory motive for a defendant's conduct, not the wisdom or folly of its business judgment.").
[3] Because we find that Bailey failed to show that the stated reason for discharging her was pretextual, we need not address the University's assertion that the complaint was untimely.

4